UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARCELIO SEPULVEDA,

                         Plaintiff,

v.                                                        9:09-CV-1117
                                                         (MAD/GHL)

JOANN HARRIS; KAREN PHILIPS; WILLIAM F.
HULIHAN; VENKATA MANNAVA, Medical Director,
Mid-State Correctional Facility; SUBBARAO
RAMINENI, Medical Director, Mid-State Correctional
Facility; and LESTER WRIGHT, Medical Doctor,
Department of Correctional Services,

                         Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

ARCELIO SEPULVEDA, 03-A-3433
Plaintiff *pro se*
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

HON. ERIC T. SCHNEIDERMAN                DOUGLAS J. GOGLIA, ESQ.
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. §§ 1983,

1985(3), and 1986, has been referred to me for Report and Recommendation by the Honorable

Glenn T. Suddaby, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule

72.3(c).[1] Plaintiff Arcelio Sepulveda, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that defendants JoAnn Harris, Karen Philips, William Hulihan, Dr. Mannava, Dr. Ramineni, and Dr. Wright violated his rights under the Eighth Amendment because they were deliberately indifferent to his serious medical needs. Plaintiff also alleges that Defendants conspired together to deprive him of his Eighth Amendment rights and cause him pain. Currently pending before the Court is Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Dkt. No. 59.) Plaintiff has opposed the motion. (Dkt. No. 65.) For the reasons that follow, I recommend that Defendants' motion be granted.

I.  BACKGROUND

   A.   Summary of Plaintiff's Complaint

Plaintiff is currently confined at Mid-State Correctional Facility ("Mid-State"), where the events giving rise to this action occurred. (Dkt. No. 1 ¶¶2-3, 16-17.) Plaintiff claims that he has been prescribed a litany of medications since 1992 for "serious medical conditions." (*Id.* ¶¶12, 14.) Between 2002 and 2007, Plaintiff continued to take prescription medications while incarcerated at several DOCS correctional facilities throughout New York. (*Id.* ¶¶12-15.) In 2007, Plaintiff was transferred to Mid-State. (*Id.* ¶16.) Beginning on July 7, 2007, two prescription medications—Tylenol No. 3 and Baclofen—were withheld from Plaintiff. (*Id.*) On February 27, 2009, two additional prescription medications—Neurontin and Ultram—were discontinued and replaced with Ibuprofen. (*Id.* ¶17.) Plaintiff maintains that he needs these four

---

[1] The case has since been reassigned to the Honorable Mae A. D'Agostino, United States District Judge. (Dkt. No. 74.)

medications to address "chronic pain" and related ailments. (*Id.* ¶¶25, 34.)

Plaintiff alleges that defendants Harris and Drs. Ramineni and Mannava failed to provide adequate medical treatment when they discontinued his prescription medications. (*Id.* ¶¶4, 8-9.) Plaintiff claims that defendants Philips, Hulihan, and Dr. Wright were deliberately indifferent to his serious medical needs because, although aware of his ongoing suffering caused by the lack of proper prescription medications, they failed to investigate and remedy the situation. (*Id.* ¶¶31-32.) Finally, Plaintiff alleges that all defendants conspired to make him suffer "excruciating pain" in violation of the Eighth Amendment. (*Id.* ¶11.)

      **B.**     **Summary of Grounds in Support of Defendants' Motion**

Defendants argue that (1) they were not deliberately indifferent to Plaintiff's serious medical needs; and (2) they are entitled to qualified immunity. (Dkt. No. 59-1 at 1.) Specifically, Defendants assert that it was reasonable to discontinue the prescription for narcotic pain relievers after Plaintiff tested positive for illicit opiates during a random drug test in February 2009. (*Id.* at 1, 3.)

      **C.**     **Summary of Plaintiff's Response to Defendants' Arguments**

In response, Plaintiff argues that his history of being prescribed pain medication establishes a serious medical condition for purposes of the Eighth Amendment analysis. (Dkt. No. 65 at 3-4.) Plaintiff admits failing a random drug test but asserts that Defendants' decision to subsequently replace his prescription medications with over-the-counter pain medication was unreasonable. (*Id.* at 10.) Further, Plaintiff argues that defendants are not entitled to qualified immunity because "any reasonable person" knows abruptly discontinuing an inmate's pain medication violates the Eighth Amendment. (*Id.* at 15.)

## II. LEGAL STANDARD GOVERNING MOTIONS FOR JUDGMENT ON THE PLEADINGS

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

> Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief.

*Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct.

4

at 1949.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Id.* (citation omitted).

**III.   ANALYSIS**

   **A.  Eighth Amendment Claim**

Plaintiff alleges that Defendants violated his Eighth Amendment rights when they discontinued his prescription pain medications and provided over-the-counter Ibuprofen instead. (Dkt. No. 1 ¶¶4, 8-10, 31-32.)  Defendants argue that Plaintiff's claim must be dismissed because he has not alleged facts identifying a serious medical condition or plausibly suggesting Defendants were deliberately indifferent to such a condition.  (Dkt. No. 59-1 at 1.)

   1. Eighth Amendment Standard

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishment.  The word "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  Punishment is "cruel and unusual" if it involves the unnecessary and wanton infliction of pain or if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society."  *Id.* at 102.  Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners.  *Farmer v.*

*Brennan*, 511 U.S. 825, 832 (1994). In fulfilling this duty, prison officials must ensure, among other things, that inmates receive adequate medical care. *Id.* (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

There are two elements to a prisoner's claim that prison officials violated his Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

    2. <u>Objective Prong</u>

Defendants argue that Plaintiff has not sufficiently identified the serious medical condition he suffers from and instead "seems to presume that his need for prescription-strength narcotics itself presents a serious medical need." (Dkt. No. 59-1 at 8.)

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord*, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Relevant factors to consider when determining whether an alleged medical condition is sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence

of chronic and substantial pain.  *Chance*, 143 F.3d at 702-03.

Plaintiff was first prescribed pain medication in 1992 by doctors at the Veterans Administration Medical Center.  (Dkt. No. 1, ¶12.)  Thereafter, he was provided with various prescription pain medications, presumably by several different doctors, throughout his incarceration at four DOCS facilities from 2002 to 2007.  (*Id.* at ¶¶12-15.)  Plaintiff claims to suffer from "chronic pain" when not taking such medication.  (*Id.* at ¶25.)  Specifically, Plaintiff reports that without prescription medication he experiences severe pain in his head, neck, back, shoulder, elbow, hip, knee, leg, stomach, chest, sinuses, and eyes.  (*Id.* at ¶34.)  Moreover, Plaintiff has reportedly been diagnosed with numerous painful medical conditions including arthritis, bulging discs in his neck and back, muscle spasms, degenerative osteoarthritis, arthropathy in his right shoulder, lumbar facet syndrome, a pinched nerve and sciatica in his right leg, a narrowing of the spinal canal, and bone spurs.  (Dkt. No. 1-1, Ex. G-3.)

Accepting these factual allegations as true and making all reasonable inferences in his favor, Plaintiff has plausibly pleaded that he suffers from serious medical conditions that various doctors found worthy of treatment and that cause chronic and substantial pain.  *See Harrington v. Mid-State Corr. Facility*, No. 09-CV-85 (TJM/DRH), 2010 U.S. Dist. LEXIS 99058, at *29-30, 2010 WL 3522520, at *10 (N.D.N.Y. May 21, 2010) (Homer, Mag. J.) (allegation of "chronic and persistent pain and numbness" in plaintiff's back and right side plausibly established a serious medical need); *Sereika v. Patel*, 411 F. Supp. 2d 397, 406 (S.D.N.Y. 2006) (allegation of severe shoulder pain causing limited mobility presented issue of material fact as to whether plaintiff had a serious medical condition, defeating defendants' motion for summary judgment).

Accordingly, Plaintiff has pleaded facts plausibly suggesting that he suffers from a

serious medical condition.

      3. <u>Subjective Prong</u>

Defendants argue that Plaintiff has not plausibly suggested they were deliberately indifferent because his claims amount to nothing more than a disagreement over a chosen course of treatment. (Dkt. No. 59-1 at 8-9.) Defendants also argue that it was reasonable to replace Plaintiff's prescription medications with Ibuprofen after he failed a random drug test. (*Id.* at 9-10.)

Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702-03. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. 825, 835; *Ross v. Giambruno*, 112 F.3d 505 (2d Cir. 1997). If the prison officials acted reasonably in response to the inmate's health risk, they cannot be held liable under the Eighth Amendment. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105-06. Moreover, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Id.* Stated another way, "medical malpractice does not become a constitutional violation merely

because the victim is a prisoner." *Id.*; *Smith*, 316 F.3d at 184 ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). However, malpractice that amounts to culpable recklessness constitutes deliberate indifference. Accordingly, "a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Chance*, 143 F.3d at 703 (internal quotation marks omitted).

Defendants do not dispute that they were aware of Plaintiff's various medical conditions. Indeed, the record contains numerous written communications in which Plaintiff complained of chronic pain and requested to be put back on prescription pain medications. (*See, e.g.*, Dkt. No. 1-1, Exs. A-D.) However, there is nothing in the record to indicate that Defendants consciously and intentionally ignored Plaintiff's medical conditions. Plaintiff was seen and evaluated numerous times by facility physicians, nurses, and medical staff. Plaintiff was provided with a variety of medications throughout the time period in which he complained of pain. Although Plaintiff was taken off Tylenol No. 3 and Baclofen (10 mg) in July 2007, he continued to be prescribed Neurontin (900 mg) and Ultram (150 mg). (Dkt. No. 1 ¶16.) During that time Plaintiff was also given Ben-Gay, Gabapentin, and over-the-counter Tylenol to help relieve his pain. (Dkt. No. 1-1 at 9-10, 12.) After Plaintiff was taken off Neurontin and Ultram in February 2009, he was provided Ibuprofen (600 mg), Motrin, and Zantac. (*Id.* at 31, 68; Dkt. No. 1, ¶17; Dkt. No. 65 at 10.) Plaintiff also continued to use "non-aspirin," Ben-Gay, and a TENS unit.[2]

---

[2] A TENS unit is a Transcutaneous Electrical Nerve Stimulation device "intended to reduce pain, both acute and chronic." (Dkt. No. 59-1 at 4 n.12.)

(Dkt. No. 1-1 at 16.)

Plaintiff's Eighth Amendment claim thus amounts to mere disagreement with health care providers as to the most appropriate and effective treatment for his conditions. Such allegations do not rise to the level of a constitutional violation. *See Chance*, 143 F.3d at 703; *Villanueva v. Baldwin*, No. 08-CV-1139 (DNH/DRH), 2010 U.S. Dist. LEXIS 22851, at *14, 2010 WL 841069, at *5 (N.D.N.Y. Mar. 11, 2010) (Homer, Mag. J.) ("[Plantiff]'s claims that he should have continued to receive a low-level narcotic instead of a non-narcotic drug essentially asserts a difference in opinion as to the appropriate medication for pain relief. Such differences in opinions do not support an Eighth Amendment allegation."). There is simply nothing in the record from which to infer that Defendants' choice of medical care was based on anything other than their medical judgment, much less that it amounted to culpable recklessness.

Indeed, Plaintiff was taken off the most powerful pain medications—Neurontin and Ultram—only after he admittedly tested positive for illegal opiates. Despite Plaintiff's conclusory assertion that this course of action was taken to punish him for his positive drug test, the record suggests the prescription medications were discontinued because it would be inappropriate and unsafe to mix such medication with illicit narcotics. (*See* Dkt. No. 1-1 at 26, 72.) Plaintiff even acknowledged "I understand why they stop it [the prescription medications] now and I regret what I did." (*Id.* at 45.) The reasonable decision to discontinue narcotic pain medications after Plaintiff tested positive for illicit opiates does not give rise to a plausible deliberate indifference claim. *See Aquino v. Girdich*, No. 9:04-CV-87 (LEK/DRH), 2007 U.S. Dist. LEXIS 4740, 2007 WL 201170, at *5 (N.D.N.Y. Jan. 23, 2007) (Homer, Mag. J.) (replacing plaintiff's prescription medication with over-the-counter pain medication did not

constitute deliberate indifference where plaintiff admitted misusing the prescription medication); *Douglas v. Stanwick*, 93 F. Supp. 2d 320, 325-26 (W.D.N.Y. 2000) (the need to restrict the use of narcotics in a prison environment justified defendant physician's decision to provide over-the-counter pain medication instead).

Therefore, Plaintiff has failed to plead facts plausibly suggesting that Defendants were deliberately indifferent to his serious medical needs and I recommend that the Court grant Defendants' motion for judgment on the pleadings regarding this claim.

**B.  Section 1985(3) and 1986 Conspiracy Claim**

Plaintiff alleges that all defendants conspired to make him suffer "excruciating pain" in violation of his Eighth Amendment rights.  (Dkt. No. 1 ¶11.)

Although Defendants do not specifically address the conspiracy claim in their motion, I recommend that this claim also be dismissed.  A conspiracy claim brought pursuant to 42 U.S.C. § 1985(3) must be premised on an underlying constitutional violation.  *See Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990).  Because it is recommended that the Eighth Amendment claim be dismissed, it follows that the conspiracy claim should be dismissed as well.[3]

Finally, "because a § 1986 claim must be predicated on a valid § 1985 claim," it is recommended that Plaintiff's § 1986 claim be dismissed with the § 1985 claim.  *Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) (internal quotation marks and citation omitted).

**ACCORDINGLY**, it is

---

[3]  As Plaintiff fails to plead a plausible Eighth Amendment claim, it is also unnecessary to address Defendants' assertion of qualified immunity.  *See L.A. Cnty. v. Rettele*, 550 U.S. 609, 616 (2007) (if no constitutional right would have been violated were the allegations established, "there is no necessity for further inquiries concerning qualified immunity") (internal quotation marks omitted).

**RECOMMENDED** that Defendants' motion for judgment on the pleadings (Dkt. No. 59) be **GRANTED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 13, 2011
Syracuse, New York

_____
George H. Lowe
United States Magistrate Judge