**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ARCELIO SEPULVEDA,**

                 **Plaintiff,**

  vs.                                              9:09-cv-1117
                                                       (MAD/GHL)

**JOANN HARRIS; KAREN PHILIPS; WILLIAM**
**F. HULIHAN; VENKATA MANNAVA, Medical**
**Doctor, Mid-State Correctional Facility; SUBBARAO**
**RAMINENI, Medical Doctor, Mid-State Correctional**
**Facility; and LESTER WRIGHT, Medical Doctor,**
**Department of Correctional Services.**

                 **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**ARCELIO SEPULVEDA**
**03-A-3433**
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**         **DOUGLAS J. GOGLIA, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for defendants

**Mae A. D'Agostino, U.S. District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

    Plaintiff *pro se*, an inmate in the custody of the New York State Department of

Correctional Services ("DOCS"), commenced this action pursuant to 42 U.S.C. §§ 1983, 1985(3),

and 1986, alleging that defendants violated his rights under the Eighth Amendment because they

were deliberately indifferent to his serious medical needs. *See* Dkt. No. 1. Moreover, plaintiff alleges that defendants conspired to deprive him of his Eighth Amendment rights and cause him pain. *See id.*

Currently before the Court are plaintiff's objections to Magistrate Judge Lowe's June 13, 2011 Report-Recommendation, in which he recommended that this Court grant defendants' motion for judgment on the pleadings and dismiss plaintiff's complaint in its entirety. *See* Dkt. Nos. 78, 79.

## II. BACKGROUND

**A.     Plaintiff's allegations**

Plaintiff is currently confined at Mid-State Correctional Facility ("Mid-State"), where the events giving rise to this action occurred. *See* Dkt. No. 1 at ¶¶ 2-3, 16-17. Plaintiff claims that he has been prescribed a litany of medications since 1992 for "serious medical conditions." *See id.* at ¶¶ 12, 14. Between 2002 and 2007, plaintiff continued to take prescription medications while incarcerated at several DOCS correctional facilities throughout New York. *See id.* at ¶¶ 12-15. In 2007, plaintiff was transferred to Mid-State. *See id.* at ¶ 16. Beginning on July 7, 2007, two prescription medications – Tylenol No. 3 and Baclofen – were withheld from plaintiff. *See id.* On February 27, 2009, two additional prescription medications – Neurontin and Ultram – were discontinued and replaced with Ibuprofen. *See id.* at ¶ 17. Plaintiff alleges that he needs these four medications to address "chronic pain" and related ailments. *See id.* at ¶¶ 25, 34.

Plaintiff alleges that defendants Harris, Ramineni, and Mannava failed to provide adequate medical treatment when they discontinued his prescription medications. *See id.* at ¶¶ 4, 8-9. Plaintiff claims that defendants Philips, Hulihan, and Wright were deliberately indifferent to

2

his serious medical needs because, although aware of his ongoing suffering caused by the lack of proper prescription medications, they failed to investigate and remedy the situation. *See id.* at ¶¶ 31-32. Finally, plaintiff alleges that all defendants conspired to make him suffer "excruciating pain" in violation of the Eighth Amendment. *See id.* at ¶ 11. Defendant asserts that it was reasonable to discontinue plaintiff's prescription narcotic medication because plaintiff tested positive for illicit opiates during a random drug test in February of 2009. *See* Dkt. No. 59-1 at 1, 3.

**B.      Magistrate Judge Lowe's June 13, 2011 Report-Recommendation**

In a June 13, 2011 Report-Recommendation, Magistrate Judge Lowe recommended that the Court grant defendants' motion for judgment on the pleadings. *See* Dkt. No. 78 at 6-12. First, Magistrate Judge Lowe recommended that the Court find that plaintiff has plausibly pled that he suffers from a serious medical condition; and, therefore, satisfied the objective prong of an Eighth Amendment violation. *See id.* at 6-8. Specifically, Magistrate Judge Lowe noted that plaintiff has been continuously prescribed pain medication since 1992 to treat "chronic pain." *See id.* at 7-8. Moreover, Magistrate Judge Lowe noted that plaintiff "has reportedly been diagnosed with numerous painful medical conditions including arthritis, bulging discs in his neck and back, muscle spasms, degenerative osteoarthritis, arthropathy in his right shoulder, lumbar facet syndrome, a pinched nerve and sciatica in his right leg, a narrowing of the spinal canal, and bone spurs." *See id.* at 7 (citing Dkt. No. 1-1, Ex. G-3).

Next, Magistrate Judge Lowe recommended that the Court find that plaintiff's allegations fail to meet the subjective prong of an Eighth Amendment violation, *i.e.*, plaintiff's allegations fail to indicate that defendants consciously and intentionally ignored plaintiff's serious medical

3

conditions. *See id.* at 9-10. He noted that plaintiff was taken off his prescription medication when he failed a random drug screening, but was provided with non-prescription medication when this occurred. These medications included Ibuprofen (600 mg), Motrin, Zantac, "non-aspirin," Ben-Gay, and a TENS unit.[1] As such, Magistrate Judge Lowe found that "[p]laintiff's Eighth Amendment claim thus amounts to mere disagreement with health care providers as to the most appropriate and effective treatment for his conditions. Such allegations do not rise to the level of a constitutional violation." *See id.* at 10 (citations omitted).

Finally, Magistrate Judge Lowe found that plaintiff's conspiracy claim, brought pursuant to 42 U.S.C. § 1985(3), fails because such a claim must be premised on an underlying constitutional violation. *See id.* at 11 (citations omitted). Similarly, Magistrate Judge Lowe recommended dismissing plaintiff's conspiracy claim brought pursuant to 42 U.S.C. § 1986 because such a claim "must be predicated on a valid § 1985 claim[.]" *See id.* (citation omitted).

**C.    Plaintiff's objections to Magistrate Judge Lowe's Report-Recommendation**

First, although plaintiff agrees "that a prisoner's disagreement with correctional officials regarding medical treatment does not violate the constitution," he argues that this principle "does not apply in the instant matter." *See* Dkt. No. 79 at 2. Plaintiff admits that he failed a random drug test on February 29, 2009, and admits that "under normal circumstances" this "is a reasonable reason" to withhold these medications, but claims that his situation is not a "normal circumstance[ ], in that he has numerous storied and documented s[e]rious medical conditions as is evident on the record." *See id.* at 2-3. As such, plaintiff claims that, because defendants knew

---

[1] A TENS unit is a Transcutaneous Electrical Nerve Stimulation device "intended to reduce pain, both acute and chronic." *See* Dkt. No. 59-1 at 4 n.12.

4

of his serious medical condition, which causes him continuous pain and will continue to degenerate without the appropriate medication, defendants' deliberate indifference can be inferred. *See id.* at 3. Plaintiff argues that defendants' arbitrarily discontinued his pain medication, without taking such factors into consideration. *See id.* at 4.

Moreover, plaintiff claims that defendants have not taken into consideration the fact that he has not tested positive "in any of the subsequent ten (10) random drug tests that have been administered since the alleged positive drug test dated February 24, 2009." *See id.* Further, plaintiff admits that he has been prescribed Ibuprofen (600mg), Motrin, Zantac, and a TENS unit, but claims that "these measures are inadequate against the sheer magnitude" of his condition. *See id.* at 5.

Next, plaintiff argues that defendants' motion for judgment on the pleadings should not be granted because the instant action was in the process of discovery, which defendants had failed to provide. *See id.* at 8. Specifically, plaintiff asserts that "interrogatories are needed to establish more clearly, the subjective prong of the 'deliberate indifference' standard in this action." *See id.* at 9.

### III. DISCUSSION

#### A. Standard of review

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations

5

for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Rule 12(c) standard for judgment on the pleadings is essentially the same as the standard that courts apply to a motion to dismiss under Rule 12(b)(6). *See Johnson v. Rowley*, 569 F.3d 40, 43-44 (2d Cir. 2009) (quotation omitted). The court must accept as true all of the factual allegations in the complaint, which is deemed to include any written instrument attached to the complaint as an exhibit, any materials incorporated into it by reference, and any other documents that are integral to it. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (citations omitted). Moreover, the court must draw all reasonable inferences from those factual allegations in the plaintiff's favor. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quotation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to nor incorporated by reference into the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

So read, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim to relief is plausible on its face "when the plaintiff pleads fact[s] . . . that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

6

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).

**B.     Deliberate indifference to a serious medical need**

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. This includes the provision of medical care and punishments involving "the unnecessary and wanton infliction of pain." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citations omitted). A prisoner advancing an Eighth Amendment claim for denial of medical care must allege and prove deliberate indifference to a serious medical need. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Hathaway*, 37 F.3d at 66. More than negligence is required "but less than conduct undertaken for the very purpose of causing harm." *Hathaway*, 37 F.3d at 66.

The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. *See id.* "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).

7

"'Because society does not expect that prisoners will have unqualified access to healthcare,' a prisoner must first make [a] threshold showing of serious illness or injury" to state a cognizable claim. *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (quotation omitted). Since there is no distinct litmus test, whether a medical condition is serious depends on certain factors, such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) the existence of chronic and substantial pain." *Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702). The court should also judge the severity of the denial of care within the context of the surrounding facts and circumstances of the case. *See Smith*, 316 F.3d at 185.

Deliberate indifference requires the prisoner "to prove that the prison official knew of and disregarded the prisoner's serious medical needs." *Chance*, 143 F.3d at 702. Thus, prison officials must be "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, (1976). "Mere disagreement over proper treatment does not create a constitutional claim," as long as the treatment was adequate. *Id*. at 703. Furthermore, allegations of negligence or malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

### *1. Objective prong*

Plaintiff did not object to, nor does the Court find error with, Magistrate Judge Lowe's determination that plaintiff has satisfied the objective prong of his claim for deliberate indifference to serious medical needs, *i.e.*, that plaintiff suffers from a serious medical condition.

8

Magistrate Judge Lowe noted that plaintiff has been prescribed pain medication since 1992 and that he suffers from "severe pain in his head, neck, back, shoulder, elbow, hip, knee, leg, stomach, chest, sinuses, and eyes." *See* Dkt. No. 78 at 7 (citing Dkt. No. 1 at ¶ 34). Moreover, Magistrate Judge Lowe found that plaintiff has been "diagnosed with numerous painful medical conditions including arthritis, bulging discs in his neck and back, muscle spasms, degenerative osteoarthritis, arthropathy in his right shoulder, lumbar facet syndrome, a pinched nerve and sciatica in his right leg, a narrowing of the spinal canal, and bone spurs." *See id.* (citing Dkt. No. 1-1, Ex. G-3).

Accepting these allegations as true, Magistrate Judge Lowe correctly determined that plaintiff has plausibly plead that he suffers from serious medical conditions. *See Harrington v. Mid-State Corr. Facility*, No. 9:09-cv-85, 2010 WL 3522520, \*10 (N.D.N.Y. May 21, 2010); *Sereika v. Patel* 411 F. Supp. 2d 397, 406 (S.D.N.Y. 2006).

### *2. Subjective prong*

Although plaintiff sufficiently pled the objective prong of his Eighth Amendment claim, Magistrate Judge Lowe correctly determined that plaintiff has failed to allege conduct arising to the level of deliberate indifference. Attached to the complaint, plaintiff submitted over one-hundred pages of grievances, correspondence, and various medical documentation, in support of his claim. *See* Dkt. No. 1-1. These documents, however, clearly establish that defendants' decision to change plaintiff's treatment regimen was brought about because plaintiff tested positive for opiates in a random drug test in February of 2009. *See* Dkt. No. 1-1 at 15, 18, 26, 51, 69, 72. Moreover, the pleadings and documents attached thereto indicate that plaintiff was provided medical care on an almost daily basis and that he was prescribed Ibuprofen (600 mg), Motrin, Zantac, "non-aspirin," Ben-Gay, and a TENS unit.

9

At best, plaintiff has alleged a mere disagreement with his health care providers as to the most appropriate and effective treatment for his conditions, which does not rise to the level of a constitutional violation. *See Chance*, 143 F.3d at 703; *Villanueva v. Baldwin* No. 9:08-cv-1139, 2010 WL 841069, \*5 (N.D.N.Y. Mar. 11, 2010) (holding that plaintiff's "claims that he should have continued to receive a low-level narcotic instead of a non-narcotic drug essentially asserts a difference in opinion as to the appropriate medication for pain relief. Such differences in opinions do not support an Eighth Amendment allegation"). Moreover, as discussed, the record establishes that the decision to discontinue plaintiff's narcotic pain prescriptions was made, not to punish him for a positive drug test, but because it was considered inappropriate and unsafe to mix such medications with illicit narcotics. *See* Dkt. No. 1-1 at 26, 72. The reasonable decision to discontinue narcotic pain medications after plaintiff tested positive for illicit opiates does not give rise to a plausible deliberate indifference claim. *See Aquino v. Girdich*, No. 9:04-cv-87, 2007 WL 201170, \*5 (N.D.N.Y. Jan. 23, 2007) (holding that replacing plaintiff's prescription medication with over-the-counter pain medication did not constitute deliberate indifference where the plaintiff admitted to misusing the prescription medication); *see also Douglas v. Stanwick*, 93 F. Supp. 2d 325-26 (W.D.N.Y. 2000).

Based on the foregoing, the Court accepts Magistrate Judge Lowe's Report-Recommendation and dismisses plaintiff's Eighth Amendment cause of action with prejudice.[2]

---

[2] The Court is dismissing this cause of action with prejudice because amendment would be futile since the defect in plaintiff's claim is substantive. *See Cuoco*, 222 F.3d at 112 (citation omitted).

10

**C.     Conspiracy**

Plaintiff did not object to Magistrate Judge Lowe's recommendation to dismiss plaintiff's conspiracy causes of actions.  The Court, however, has reviewed these claims *de novo*, and finds that Magistrate Judge Lowe correctly determined that plaintiff's conspiracy causes of action should be dismissed.

Magistrate Judge Lowe correctly concluded that plaintiff's section 1985(3) conspiracy claim must be dismissed because he has failed to allege an underlying constitutional violation or injury.  *See Graham v. City of Albany*, No. 1:08-CV-892, 2009 WL 4263510, *12 (N.D.N.Y. Nov. 23, 2009) (citations omitted); *see also Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir. 1990) (citations omitted).  Moreover, "because 'a § 1986 claim must be predicated on a valid § 1985 claim,'" Magistrate Judge Lowe properly held that plaintiff's section 1986 conspiracy claim must be dismissed as well.  *See Brown v. City of Oneonta*, 221 F.3d 329, 341 (2d Cir. 2000) (quotation omitted).

Based on the foregoing, the Court accepts Magistrate Judge Lowe's Report-Recommendation and dismisses plaintiff's conspiracy claims.

## IV. CONCLUSION

After carefully considering Magistrate Judge Lowe's Report-Recommendation, plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Lowe's June 13, 2011 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that defendants' motion for judgment on the pleadings is **GRANTED** and plaintiff's complaint is **DISMISSED WITH PREJUDICE**; and the Court further

11

**ORDERS** that the Clerk of the Court shall enter judgment in defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2011
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge